IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOSEPH LEE GREGORY**                                                                              **PLAINTIFF**
**#0440167**

v.                                    Case No. 3:22-CV-00094-LPR

**DAVID LUCAS, Sheriff, Jackson County,**
**Arkansas, and NICCI CARTER, Warden,**
**Jackson County Jail**                                                                              **DEFENDANTS**

### ORDER

    Plaintiff Joseph Lee Gregory filed his *pro se* Complaint on April 7, 2022.[1] Mr. Gregory is currently in the custody of the Tarrant County Correctional Center in Fort Worth, Texas.[2] Mr. Gregory was (allegedly) arrested in Jackson County, Arkansas, and later extradited to Texas.[3] Mr. Gregory says that Defendants' actions with respect to both the arrest and the extradition violated the United States Constitution and various federal statutes.[4]

    Mr. Gregory has asked the Court to appoint counsel to represent him.[5] A *pro se* litigant does not have a statutory or constitutional right to the appointment of counsel in a civil case.[6] But the Court may, in its discretion, appoint counsel for a *pro se* plaintiff if the Court is convinced that the plaintiff has stated a non-frivolous claim and that "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."[7] In making this

---

[1] Compl. (Doc. 2).

[2] *See id.* § I.A.

[3] *Id.* § VII.

[4] *Id.*

[5] Mot. for Leave to File for Appointment of Counsel (Doc. 8).

[6] *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

[7] *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986).

determination, the Court must weigh the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims.[8]  "These factors are by no means an exclusive checklist, and the weight to be given any one factor will vary with the case."[9]

At this time, the foregoing factors do not weigh in favor of appointing counsel.  Mr. Gregory appears able to articulate, investigate (through discovery), and present his claims.  The claims are not particularly complex, legally or factually.  Moreover, Mr. Gregory has not shown that he has made any independent effort to obtain counsel for himself.  As this case goes on, my analysis could perhaps change.  But right now the Motion is DENIED.  The denial is without prejudice to Mr. Gregory re-raising his request later on in the case.

IT IS SO ORDERED this 3rd day of October 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[8] *Phillips*, 437 F.3d at 794.

[9] *Johnson*, 788 F.2d at 1323 (internal quotation and citation omitted).