IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOSEPH LEE GREGORY**                                                                 **PLAINTIFF**

v.                                              Case No. 3:22-cv-00094-LPR

**SHERIFF DAVID LUCAS**
**and NICCI CARTER**                                                                **DEFENDANTS**

## ORDER

This case has taken a long and winding path. But it is not necessary to recount all the steps taken along the procedural journey. Rather, in this instance, it is the destination that is most important. As things stand now, Plaintiff (who began this case *pro se* but currently has counsel[1]) is alleging that he was unlawfully and unconstitutionally held for about 80 days in Arkansas before being extradited to Texas.[2] According to Plaintiff: After being arrested, "[h]e was entitled to have a bond set"; but "[n]o bond was ever set"; and he therefore "spent the next several months detained where he should have been enjoying his liberty."[3]

Plaintiff says the foregoing violates the Uniform Criminal Extradition Act[4] and the due process protections of the federal and state constitutions.[5] Plaintiff is suing Sheriff David Lucas and Nicci Carter (for money damages) because they "are the ones that housed and controlled him during this period of incarceration."[6] Plaintiff believes this makes them the appropriate figures to

---

[1] In July of 2023, Plaintiff requested appointed counsel. *See* Mot. for Appointment of Counsel (Doc. 20). The Court granted this request. *See* Nov. 3, 2023 Order (Doc. 21).

[2] Am. Compl. (Doc. 46) ¶ 4.

[3] *Id.* ¶ 7. *See also* Oct. 17, 2024 Hr'g Tr. (rough) at 11:08:01–11:08:37, 11:17:24–11:20:35, 11:38:56–11:41:53 (explaining the gist of the statutory and federal challenges Plaintiff intended to bring).

[4] *See* Am. Compl. (Doc. 46) ¶¶ 4, 7; Ark. Code Ann. § 16-94-216.

[5] *See* Am. Compl. (Doc. 46) ¶¶ 4, 7; U.S. CONST. amend. XIV, § 1; ARK. CONST. art. II, § 8.

[6] Am. Compl. (Doc. 46) ¶ 7.

sue.⁷ Pending before the Court is a Motion for Summary Judgment filed by Defendants.⁸ The Motion has now been fully briefed and is ready for resolution.

That resolution is easy. Everyone agrees that the Plaintiff was brought before a judge once he was arrested.⁹ The judge held a preliminary hearing and appointed counsel for Plaintiff.¹⁰ If someone was supposed to set bond at that hearing, it was the Judge.¹¹ And if someone was supposed to subsequently fight for bond to be set, it was appointed counsel. The specific Defendants named in this lawsuit (essentially Plaintiff's jailers) did not have the legal responsibility to ensure bail was set, and thus they do not have the legal liability for any such failure under the relevant Act or under the state and federal constitutions. The Court does not see any serious argument to the contrary in the record.

In any event—and at the absolute least—it was not *clearly established* that Defendants had the responsibility Plaintiff contends. The Court has been provided no cases to show that the right urged by Plaintiff was clearly established such that Defendants knew or obviously should have known that they were violating Plaintiff's rights.¹² Nor has the Court found any such cases on its own. Accordingly, even making the (huge) assumption that Defendants violated the relevant Act

---

⁷ *Id.* The Court considers the claims brought against the named Defendants in the Amended Complaint to be individual-capacity claims only. To the extent the Court is wrong about that, the Court notes that its November 21, 2024 Order explained why Plaintiff could not prevail on his official-capacity claims against the named Defendants. *See* Nov. 21, 2024 Order (Doc. 40). Nothing in the Amended Complaint (or subsequent filings) alters the Court's prior analysis.

⁸ Defs.' Second Mot. for Summ. J. (Doc. 43).

⁹ *See* Statement of Facts (Doc. 45) ¶ 2; *see also* Oct. 17, 2024 Hr'g Tr. (rough) at 11:17:04–11:17:22 (Plaintiff acknowledging that, as a consequence of failing to respond to Defendants' Statement of Facts, the facts contained within Defendants' Statement of Facts are deemed admitted); Pl.'s Resp. to Defs.' Second Mot. for Summ. J. (Doc. 47) ¶ 11 (Plaintiff noting that there are no material facts in dispute).

¹⁰ *See* Statement of Facts (Doc. 45) ¶ 2; *see also supra* note 9.

¹¹ *See Walden v. Carmack*, 156 F.3d 861, 874 (8th Cir. 1998) ("In Arkansas, the function of determining the appropriateness of pretrial release, the amount of bail bond, and the type of bail bond lies solely with the judicial officer.").

¹² *See* Br. in Supp. of Defs.' Second Mot. for Summ. J. (Doc. 44) at 4–5; Pl.'s Resp. to Defs.' Second Mot. for Summ. J. (Doc. 47) ¶ 8.

or the federal or state constitutions, these particular Defendants would be entitled to qualified immunity.[13]  And these particular Defendants are the only Defendants remaining in this case.

Considering the foregoing, Defendants' Second Motion for Summary Judgment is GRANTED.[14]  Defendants are entitled to dismissal with prejudice (on qualified immunity grounds) of the claims discussed herein.[15]  That represents all of the claims that Plaintiff is still pursuing.  And because the Court has resolved all of these claims in favor of Defendants, it need not and does not address the *Heck* issue raised by Defendants.

IT IS SO ORDERED this 20th day of June 2025.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[13] The point of the qualified immunity doctrine is to confine liability to only those government officials who intentionally violate the Constitution or are so grossly incompetent that they fail to follow clear constitutional dictates. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). A constitutional rule is clearly established in the Eighth Circuit if there is—at the time of the officials' purportedly bad acts—on-point Supreme Court precedent, on-point Eighth Circuit precedent, or a consensus of on-point precedent from other circuits that identifies the rule and makes clear that the rule applies to the situation at hand. *Hanson as Tr. for Layton v. Best*, 915 F.3d 543, 548 (8th Cir. 2019). The fit between the precedent and the circumstances in the case at bar does not need to be perfect. *See D.C. v. Wesby*, 583 U.S. 48, 64 (2018). But it needs to be close enough that all but the most incompetent officials would be on notice that the rule applies to the conduct in which they purportedly engaged. *See id.* ("[E]xisting precedent must place the lawfulness of the particular arrest 'beyond debate.'" (quoting *Ashcroft*, 563 U.S. at 741)).  This analysis cannot take place at too high a level of generality, but it should not necessarily take place at the finest level of granularity. *See id.* "[B]ecause the ACRA is generally treated as coextensive with § 1983 and analyzed under federal standards," the same analysis detailed above applies to Plaintiff's Arkansas state law claims. *McDaniel v. Neal*, 44 F.4th 1085, 1093 (8th Cir. 2022); *see also Muntaqim v. Payne*, 2021 Ark. 162, at 4, 628 S.W.3d 629, 635.

[14] Defs.' Second Mot. for Summ. J. (Doc. 43).

[15] To the extent qualified immunity were not an issue, Defendants would be entitled to summary judgment in their favor—because their specific conduct was not unlawful.  Whether anyone else's conduct was unlawful is beside the point.